IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY NORRIS, *pro se*, | ) | CASE NO. 1:14-cv-00906 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| O'DELL EARGLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

**I.  Procedural Background**

On April 25, 2014. Plaintiff Larry Norris (hereinafter "Plaintiff") filed a *pro se* Complaint purporting to raise "'*Bivens*' and Federal Tort Claims."  (ECF No. 1.)  The Complaint names the following parties as Defendants: (1) Mr. Eargle; (2) Mr. Chrissman; (3) Mr. Stewart; (4) Ms. Rannalli; (4) Ms. Giannone; (5) "other BOP employees, unknown;" and, (4) the Federal Bureau of Prisons ("BOP").  *Id*.  Plaintiff alleges five separate counts against Defendants: (1) "cruel and unusual punishment, 8th Amendment violations;" (2) deliberate indifference stemming from a failure to follow 18 U.S.C. § 4042; (3) violation of employment guidelines for knowingly disregarding employee codes of conduct; (4) obstruction of justice; and (5) intentional infliction of emotional distress.  (ECF No. 1 at ¶¶152-161.)  Defendants filed a number of motions, including a motion to substitute party, which was previously granted (ECF Nos. 20 & 35); a

motion to dismiss Plaintiff's tort claims for lack of subject matter jurisdiction[1] (ECF No. 21);

and, a motion to dismiss for failure to state a claim pursuant to Fed R. Civ. R. 12(b)(6).  (ECF

No. 23.)  Plaintiff filed a brief opposing the motions to dismiss (ECF No. 26), to which

Defendants replied.  (ECF No. 27.)  Separately, Plaintiff also filed a motion for equitable tolling

(ECF No. 28) and a motion to strike.  (ECF No. 29.)   Defendants filed briefs in opposition to

both.  (ECF Nos. 31 & 32.)  Finally, Plaintiff filed a motion for appointment of counsel which

Defendants also opposed.  (ECF Nos. 33 & 34.)

## II.  Civil Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)

"should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts

in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957).  Well-pleaded allegations must be taken as true and construed most favorably toward the

non-moving party.  *See, e.g., Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993).  "[T]he tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions[, as] [t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)

(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Although a court may not grant a Rule

12(b)(6) motion based on its disbelief of the factual allegations contained in the complaint,

---

[1]  On April 29, 2015, Defendants filed a Notice of Supplemental Authority notifying the Court of a recent decision by the United States Supreme Court, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015).  (ECF No. 24.)  The *Wong* decision held that the statute of limitations under the Federal Tort Claims Act ("FTCA") is non-jurisdictional and subject to equitable tolling.  *Id*.  As such, Defendants asked the Court to consider their motion to dismiss the federal tort claims as untimely under Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 12(b)(1).  (ECF No. 24.)

*Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must appear 'plausible' on its face, if all of its factual allegations are assumed to be true." *Alli v. City of New York*, 2012 WL 4887745 (S.D.N.Y. Oct. 12, 2012) (*citing Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 560-70). Consequently, a claim should not be dismissed unless it is unsupported by the law or the facts alleged are insufficient.

When ruling on motions to dismiss, a Court should normally look no further than the complaint, but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997) (citations omitted).

### III.  Factual Allegations

The Complaint makes the following factual allegations.[2]  Plaintiff was previously incarcerated at Federal Correctional Institution (FCI) Elkton, but he was confined at FCI Milan at the time he filed the instant Complaint.  (ECF No. 1 at ¶2.)  While at FCI Elkton, Plaintiff alleges that he was assaulted by Defendant Eargle, a counselor at the prison.  (ECF No. 1 at ¶3, 9.)  "Plaintiff was at risk of serious harm and injury when Counselor Eargle open handedly [began] striking Plaintiff's body on both sides, chest, and stomach."  (ECF No. 1 at ¶9.)  Plaintiff alleges that he was assaulted by Defendant Eargle in this same manner a total of three times in a

---

[2]  The Court intentionally omits Plaintiff's lengthy discussion of the money transfer forms he attempted to procure as largely irrelevant.  (ECF No. 1 at ¶¶85-99.)  The Court also omits the Complaint's discussion of the various legal theories Plaintiff intermingles with his factual allegations.

3

short span (approximately ten minutes).[3]  (ECF No. 1 at ¶¶ 9, 12, 26, 55; ECF No. 1-1, Exh. 1.)

Defendant Chrissman, another counselor at FCI Elkton, witnessed a portion of the third assault.  (ECF No. 1 at ¶4, 122.)  Plaintiff heard Defendant Chrissman tell Defendant Eargle to stop.  *Id*. at ¶122.  After Defendant Eargle continued to strike Plaintiff, Plaintiff heard rapid foot steps and saw that Defendant Chrissman had put Defendant Eargle in a "bear hug" and said to Eargle "I'm doing this for your own good."  *Id*. at ¶¶123-124.

Defendant Stewart, whom Plaintiff identifies as a correctional officer, saw and heard the first assault and inquired "What's going on here?"  (ECF No. 1 at ¶¶9-10.)  Nonetheless, Plaintiff maintains that Defendant Stewart failed to intervene and permitted a second assault to ensue.  *Id*. at ¶¶11-12.  Plaintiff is unsure whether Defendant Stewart watched the second assault or left the scene.  *Id*. at ¶¶13, 15, 20.  Finally, it is alleged Defendant Stewart never reported the assaults.  *Id*. at ¶47.

Plaintiff avers that it is "highly probable" Defendant Rannalli, who is identified as a correctional officer but referred to as a secretary, witnessed one of the assaults.  (ECF No. 1 at ¶¶6, 19, 57, 60.)  After the initial assault, Defendant Eargle ordered Plaintiff into a secluded office, and Plaintiff looked at Defendant Rannalli and stated he was afraid to go in.  *Id*. at ¶¶22-25.  According to Plaintiff, Defendant Rannalli looked shocked but did not respond and did not intervene.  *Id*. at ¶¶23, 57.  Later, Plaintiff alleges that Defendant Rannalli actually saw the assault, but never told Defendant Eargle to stop and did not otherwise intervene. *Id*. at ¶¶61-64,

---

[3]  The body of the Complaint does not specify the date these alleged assaults occurred. (*See generally*, ECF No. 1.)  However, in the exhibits attached to the Complaint, multiple references are made to April 11, 2012 as the relevant date.  (ECF No. 1-1, Exhs. 2, 3, 6, 7, 8.)

71, 77-78.

Defendant Giannone is identified as a nurse who provides medical care at FCI Elkton. (ECF No. 1 at ¶7.)  The Complaint is devoid of any other specific references to Defendant Giannone.  However, Plaintiff did allege that he was seen by the attending nurse, known as "Ms. G" prior to being placed in the Special Housing Unit.  *Id*. at ¶¶146, 148.  Plaintiff avers that the medical record falsely states that he was given a "rough pat down," as he denies making such a statement to the attending nurse.  *Id*.

Notably, the Complaint does not allege any physical injuries aside from pain during the alleged assaults and resulting "severe distress."  (ECF No. 1 at ¶¶117, 161.)  Plaintiff avers that the assaults "could well have exacerbated into a paralizing [sic] stroke or possibly a fatal heart attack."  (ECF No. 1 at ¶55.)

### IV.  Analysis

Defendants advance a number of arguments in support of their motions to dismiss.  They contend that (1) Plaintiff's FTCA claims are untimely, (2) Plaintiff's *Bivens* claims are untimely, (3) Defendants Chrissman and Giannone are entitled to qualified immunity, (4) all Defendants are entitled to qualified immunity with respect to Count Three, (5) no private cause of action exists for obstruction of justice under Count Four, and (6) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").  (ECF Nos. 21 & 23.)  As resolution of the statute of limitations issue is dispositive, this report and recommendation focuses on Defendants' first two arguments.  In the interests of judicial economy, the Court declines to address Defendants' other arguments.

### A. Statute of Limitations

Plaintiff has asserted five causes of action against the Defendants, all stemming from the alleged assault against him by Defendant Eargle.  (ECF No. 1.)  In this Court's view, all five causes of action, to the extent they are viable, raise either *Bivens*[4] claims or violations of the Federal Tort Claims Act ("FTCA").  Defendants assert that applicable statutes of limitations bar both the *Bivens* and FTCA actions.  (ECF Nos. 21-1 at 3-5, 23-1 at 6-7.)

### 1. *Bivens* Action

The Sixth Circuit has observed that "an action against a federal officer for violation of a plaintiff's constitutional rights is analogous to 42 U.S.C. §§ 1981 and 1983 actions commenced against a state officer."  *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987) (*citing Butz v. Economou*, 438 U.S. 478, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978)); *see also Shannon v. Recording Indus. Ass'n of Am.*, 661 F. Supp. 205, 209 (S.D. Ohio 1987) (finding no basis for distinguishing *Bivens* actions from § 1983 actions for statute of limitations purposes).  "A *Bivens* action is governed by the same personal injury statute of limitations that applies to a § 1983 action."  *Sykes v. United States*, 507 Fed. App'x. 455, 462 (6th Cir. 2012) (*citing McSurely*, 823 F.2d at 1005)).  In Ohio cases, the two-year statute of limitations found in Ohio Rev. Code. § 2305.10 applies to *Bivens* actions.  *Id*. at 462 (*citing governs. Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (*en banc*)); *accord Albiola v. Pugh*, 2015 U.S. Dist. LEXIS 54603 at *10

---

[4]  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  "The U.S. Supreme Court extended *Bivens* to Eighth Amendment claims alleging cruel and unusual punishment."  *Bierbauer v. Manenti*, No. 4:09-cv-2142, 2010 WL 4008835 at *3 (N.D. Ohio, Oct. 12, 2010) (*citing Carlson v. Green*, 446 U.S. 14, 18-23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)); *see also Lee v. Lucas*, No. 1:10-CV-00151, 2011 WL 5361509, at *2 (N.D. Ohio Oct. 31, 2011) ("Section 1983/*Bivens* is the proper vehicle under which to bring a constitutional claim").

(N.D. Ohio, Apr. 27, 2015).

Here, Plaintiff's *Bivens* claim accrued on the date of the alleged assault, April 11, 2012. "Under the discovery rule, *Bivens* claims accrue when the plaintiff 'knew or should have known of the injury which is the basis of his *Bivens* claim.' *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991).  Once the plaintiff knows 'he has been hurt and who has inflicted the injury,' the claim accrues. *United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)." *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393 (6th Cir. 2015).  Plaintiff's Complaint was not filed until April 25, 2014.  (ECF No. 1.)  The postage mark on the envelope, which contained the Complaint, bears a date of April 21, 2014.  Even using the earlier date of postage, the Complaint was not filed within the two year statute of limitations and, therefore, Plaintiff's *Bivens* claims are untimely.[5]  Plaintiff argues that his untimeliness should be excused as a result of equitable tolling.

### 2.  FTCA Claims

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *accord F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "'The United States, as sovereign, is immune from suit save as it consents to be sued . . . .' *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941).  The [FTCA] provides a limited waiver of the national government's immunity from suit for torts committed by federal employees and

---

[5]  It bears noting that Plaintiff has neither alleged that he placed the Complaint in the prison mailing system prior to April 11, 2014, nor has he presented any evidence capable of supporting such an assertion.  In fact, Plaintiff does not appear to contest Defendants' argument that the Complaint was untimely.  Rather, he asserts that his untimeliness should be excused based on the doctrine of equitable tolling.  (ECF Nos. 26 & 28.)

places several conditions on the waiver." *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008).  One of those conditions is found in 28 U.S.C. § 2401(b), which states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ***or*** unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

(Emphasis added).

Here, it is undisputed that Plaintiff presented a tort claim to the appropriate federal agency within two years by submitting an administrative claim to the BOP on February 19, 2013.  (ECF No. 1-1, Exh. 7, Page ID #52.)  That alone, however, does not render the present action timely. In *Ellison*, the Sixth Circuit Court of Appeals explained that the statute is not satisfied by fulfilling only the first requirement:

> At stake in this case is whether the last provision, a statute of limitations, bars Ellison's claim--and, more specifically, whether the italicized "or" means that the statute sets forth two different ways of barring an action on limitations grounds or two different ways of satisfying the limitations requirement.  As we read the provision, it covers claims that fail to satisfy either one of two deadlines--those claims not filed with the agency within two years of their accrual date or those claims not filed within six months of the agency's denial of the claim.  And because Ellison failed to comply with the last of these conditions, filing this lawsuit almost seven months "after the date of mailing . . . of notice of final denial," the statute bars her claim.  *See Thompson v. United States*, 8 F. App'x 547, 548 (6th Cir. May 4, 2001) (holding that the Act barred a lawsuit filed more than six months after the agency rejected the claim).

*Ellison*, 531 F.3d at 361.

Plaintiff received a letter from the BOP dated August 16, 2013 denying his claim.  (ECF No. 1-1, Exh. 7, Page ID #52.)  The letter expressly informed him that if he was dissatisfied with the decision, he "may bring an action against the United States in an appropriate United States

District Court within six (6) months of the date of this letter." *Id*.  Plaintiff cannot plausibly argue that he did not receive the letter, as he attached it to the Complaint as Exhibit 7.  *Id*. Therefore, in order to avoid the statutory bar of § 2401(b), Plaintiff had to initiate this action no later than February 16, 2014.  He failed to do so.

Finally, Defendants had filed a motion to substitute the United States in the place and stead of the individually named Defendants with respect to the tort actions alleged against them.  (ECF No. 20.)  In a separate order, the Court found the motion well taken and it was granted.  (ECF No. 35.)  As such, Plaintiff's tort claims can *only* be maintained against the United States under the FTCA and those claims are time-barred.

### 3.  Equitable Tolling

Plaintiff seeks to save his suit by arguing equitable tolling.  (ECF No. 28.)  As explained by the Supreme Court in *Wong*, its earlier decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990) set out the framework for deciding "the applicability of equitable tolling in suits against the Government."  135 S. Ct. at 1630.  The *Irwin* decision observed that, in suits between private parties, time limits are presumptively subject to equitable tolling.  498 U.S. at 95-96. The *Wong* court cited a prior decision from a habeas case, *Lozano v. Montoya Alvarez*, for the proposition that equitable tolling pauses the statute of limitations when a litigant (1) has pursued his rights diligently, and (2) some extraordinary circumstance prevented him from bringing a timely action." *Lozano*,134 S. Ct. at 1232 (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).  "[T]he doctrine of equitable tolling is used sparingly by federal courts."  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (*citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-

61 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."))  Moreover, the party seeking equitable tolling bears the burden of proving he is entitled to it.  *Id*. (*citing Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Plaintiff asks this Court to equitably toll the statute of limitation for the following reasons: (1) while he was at FCI Elkton, he was placed in the Special Housing Unit ("SHU") and had limited access to the law library; (2) the law library contained only one computer and he is computer illiterate; (3) he was denied access to his personal legal materials; (4) he was denied access to legal help from other inmates; (5) he was verbally intimidated by staff which exacerbated his mental disorders; (6) he was denied writing materials; (7) he was denied proper forms to pursue legal activities; (8) he was denied access to the telephone; (9) he was in ill health and placed on a low calorie diet causing him to become anemic; (10) he was in great stress due to being placed in the SHU; (11) requests for unspecified information and help were denied; (12) after his transfer from FCI Elton to FCI Ashland, he was allegedly intimidated and even beaten on two occasions; (13) he had difficulty writing with his dominant hand after he tore his rotator cuff; (14) he was denied access to family and legal organizations; (15) he was placed in the SHU at FCI Ashland and his legal materials were stolen or destroyed; and, (16) on one occasion he was allegedly told that he could not communicate with a family member who was his attorney. (ECF No. 28.)

Several of Plaintiff's allegations revolve around being confined to the SHU, limited access to the law library and forms, lack of access to writing materials, and lost legal materials. Plaintiff's allegedly limited access to the law library and other legal materials, even if more

restrictive than general population inmates, does not entitle him to equitable tolling.  *See, e.g.,*

*Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6ᵗʰ Cir. 2011) ("[Petitioner's] inability

to access the transcript of his trial is unfortunate. But it is not enough, even in combination with

his *pro se* status and ***limited law-library access***, to warrant the equitable tolling of AEDPA's

limitations period."); *accord Jones v. United States*, 689 F.3d 621, 627 (6ᵗʰ Cir. 2012)

("Generally, to qualify as 'extraordinary circumstances,' the petitioner must show more than just

his status as *pro se* or his limited access to a law library."); *Hawkins v. Warden, Ross Corr. Inst.*,

2015 U.S. Dist. LEXIS 30173 (S.D. Ohio Mar. 11, 2015) ("A prisoner's *pro se* incarcerated

status, lack of knowledge regarding the law, and limited access to the prison's law library or to

legal materials together or alon[e] do not provide a sufficient justification to apply equitable

tolling of the statute of limitations."); *Thomas v. Tibbals*, 2014 U.S. Dist. LEXIS 135813 (N.D.

Ohio Sept. 3, 2014); *Gonzalez v. United States*, 918 F. Supp. 2d 287, 290 (D. Del. 2013) ("a

prisoner's limited access to a law library is a routine aspect of prison life, and is generally

insufficient to trigger equitable tolling absent a causal relationship between the limited library

access and the prisoner's late filing.")  It is also unclear which "legal materials" were allegedly

stolen or destroyed.  To the extent Plaintiff is referring to legal documents concerning his

criminal conviction, the Court fails to see what bearing such documents have on the assault

allegations at the heart of his Complaint.  It is also unclear why these unidentified "legal

materials" or the forms Plaintiff was allegedly denied were necessary to write a Complaint to be

mailed to this Court, as the rules of pleading require only short and plain statements.  Fed. R.

Civ. P. 8.  It is also unclear how denying access to the legal assistance of other inmates prevented

Plaintiff from timely drafting and mailing a Complaint.  Plaintiff's allegation that he was denied

11

writing materials is unsubstantiated and contradicted by the numerous handwritten grievances attached to both his Complaint and Motion for Equitable Tolling.  (ECF Nos. 1-1, 28-1.) Furthermore, as noted by Defendants, Plaintiff was able to successfully file a petition for a writ of mandamus on March 11, 2014 and a petition for a writ of habeas corpus on September 9, 2013 – the former just one month prior to the expiration of the *Bivens* statute of limitations despite the above stated allegations.  *See In re: Larry Norris*, 6th Cir. Case No. 14-1281 (Mar. 11, 2014); *Norris v. Terris*, E.D. Mich. Case No. 2:13-cv-13825 (Sept. 9, 2013).  Finally, Plaintiff is a frequent *pro se* litigator against employees of the BOP.  *See, e.g., Norris v. Growse, et al.*, 6th Cir. Case No. 11-6227 (Oct. 3, 2011); *Riches, et al., v. Hungness, et al.*, E.D. Ky. Case No. 5:10-cv-00279 (Aug. 2, 2010); *Norris v. Growse, et al.*, E.D. Ky. Case No. 5:09-cv-00339 (Oct. 15, 2009).  This further undermines Plaintiff's claim that he required legal assistance from others in order to file a timely cause of action.

The reasons set forth by Plaintiff for not filing in a timely manner also fail to set forth any causation between his alleged reasons justifying equitable tolling and the inability to timely file. Moreover, the allegations are completely unsubstantiated.  While a plaintiff's allegations in a Complaint must be taken as true and construed in his favor when considering a Rule 12(b)(6) motion to dismiss, a plaintiff's self-serving assertions as to why he failed to file in a timely manner are not entitled to the same presumption of veracity.  In *Williams v. Kerkfoot*, 2015 WL 2370841 at *2 (C.D. Cal. Jan. 22, 2015) report and recommendation adopted, 2015 WL 2378963 (C.D. Cal. May 15, 2015), a court found that Plaintiff, who alleged an assault against corrections officers, failed to establish he was entitled to equitable tolling based on "vague and unsubstantiated" claims that in the years following the alleged assault, his paperwork was

12

destroyed, he had poor access to legal materials, he was intermittently homeless after his release from prison, and he was wrongfully arrested multiple times. *See also Jackson v. Sec'y, Dep't of Corr.*, 2014 WL 7408345, at *2 (M.D. Fla. Dec. 31, 2014) (petitioner's failure to provide specific dates for the transfer during which his legal papers were allegedly lost or evidence to support such a vague and unsubstantiated contention renders his claims insufficient to justify equitable tolling); *Williams v. Cain*, 2013 WL 6282627 at *3 (W.D. La. Dec. 4, 2013) (finding that a self-serving and otherwise unsubstantiated allegation that the trial transcript was altered did not entitle petitioner to equitable tolling); *Henry v. Shinseki*, No. 07-782, 2012 WL 2359813, at *1 (Vet. App. June 21, 2012) ("unsubstantiated contentions of mental and physical illness do not meet the high burden of demonstrating an incapability of filing an [Notice of Appeal] within the requisite period"); *Bilyeu v. Metro. Gov't of Nashville & Davidson Cty.*, 2012 U.S. Dist. LEXIS 41016 at *14 (M.D. Tenn., March 23, 2012) (equitable tolling not warranted where plaintiff failed to offer proof of late receipt of right to sue letter); *Lacheta v. Madison Cnty. Hosp.*, 2009 U.S. Dist. LEXIS 105293, 2009 WL 3515378 (S.D. Ohio Oct. 28, 2009) (five-day presumption applied because plaintiff failed to offer proof in support of her assertion that she did not receive the right-to-sue letter); *Morell v. Sec'y*, 2007 WL 44093, at *3 (M.D. Fla. Jan. 5, 2007) ("unsubstantiated allegations of psychiatric problems do not warrant equitable tolling because he cannot establish a causal connection between his alleged mental incapacity and his ability to file a timely petition."); *Bolds v. Newland*, 1997 WL 732529 *2 (N.D. Cal. November 12, 1997) (ignorance of law and lack of legal assistance do not constitute extraordinary circumstances justifying equitable tolling).

　　　　To treat unsubstantiated, self-serving allegations as presumptively true for the purposes of

establishing equitable tolling would transform the extraordinary and sparingly used remedy of equitable tolling into a commonly used and potentially abused remedy to avoid the statute of limitations.  Plaintiff has failed to satisfy his burden of demonstrating that he is entitled to equitable tolling, without which, his *Bivens* and FTCA claims are untimely.  Therefore, it is recommended that Plaintiff Motion for Equitable Tolling (ECF No. 28) be DENIED.  It is further recommended that Defendants' Motion to Dismiss Plaintiff's Tort Claims[6]  (ECF No. 21) and Motion to Dismiss (ECF No. 23) pursuant to Fed. R. 12(b)(6) be GRANTED.

**B.  Other Claims**

As stated above, the Court construes all five causes of action, to the extent they raise viable claims, as constituting either *Bivens* or FTCA claims, and, therefore, all claims are time-barred. It is indisputable that Plaintiff's first and fifth causes of action fall into these two categories.

Plaintiff's second cause of action, however, alleges "deliberate indifference" for failure to follow 18 U.S.C. § 4042.  (ECF No. 1 at ¶¶154-155.)  It is not entirely clear from the Complaint whether Plaintiff is asserting deliberate indifference to the serious medical need of a prisoner,[7] or a separate and distinct cause of action for a violation of § 4202.  If the former, the cause of action is subsumed under Plaintiff's Eighth Amendment *Bivens* claim which has been determined to be untimely.  If the latter, the Sixth Circuit has held that a federal prisoner "may not pursue a claim

---

[6]  As stated in Footnote 1, Defendants asked the Court to consider this motion under Fed. R. Civ. P. 12(b)(6) rather than on the jurisdictional grounds of Fed. R. Civ. P. 12(b)(1).

[7]  The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Stevens v. Gooch*, 2015 U.S. App. LEXIS 10868 (6th Cir., June 24, 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

14

under § 4042, which establishes the general duties of the BOP, because that statute does not

provide a private cause of action against BOP officials." *Nwaebo v. Hawk-Sawyer*, 100 Fed.

App'x. 367, 369 (6th Cir. 2004) (*citing Harper v. Williford*, 321 U.S. App. D.C. 78, 96 F.3d

1526, 1528 (D.C. Cir. 1996); *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir. 1986); *Williams*

*v. United States*, 405 F.2d 951, 954 (9th Cir. 1969)); *accord Cooper v. United States Marshals*

*Serv.*, 2010 U.S. Dist. LEXIS 21241 (E.D. Tenn. Mar. 9, 2010) ("there is nothing in § 4042

which waives sovereign immunity or establishes a civil cause of action").  Therefore, to the

extent Plaintiff's second cause of action is not subject to the statute of limitations governing

*Bivens* or FTCA, it fails to state a claim upon which relief can be granted.

Count Three of the Complaint alleges violations of employee codes of conduct.  (ECF No.

1 at ¶¶50-54, 156-157.)  To the extent Plaintiff contends that the "Standards of Employee

Conduct" establish a duty of care which was negligently performed, Count Three would

constitute a tort action that is time barred.  Furthermore, a violation of the "Standards of

Employee Conduct" creates no private right of action.  Another district court within this Circuit

addressed a nearly identical action by a plaintiff who alleged similar violations of the BOP

Program Statement, Bureau Mandatory Training Standards, and Standards of Employee

Conduct:

> First, throughout his complaint Christensen asserts that these and other
> defendants "violated" various Program Statements issued by the BOP.  It is not
> clear that he intends to do so, but to the extent that Christensen is attempting to
> assert claims directly under the Program Statements, all such claims fail as a
> matter of law.  The BOP's Program Statements are not "laws" which may be
> broken.  Rather, they are merely internal agency guidelines and manuals, and they
> are not promulgated in compliance with the Administrative Procedures Act.  *Reno*
> *v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).  **Accordingly,**
> **they do not carry the force of law, and do not create substantive rights that**

> **may be enforced by any person**. *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir.1990); *Schweiker v. Hansen*, 450 U.S. 785, 789, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981).  Because a federal employee's failure to adhere to a Program Statement does not constitute a violation of federal law, any "claim" under a Program Statement fails as a matter of law.  *United States v. Loughner*, 782 F.Supp.2d 829, 831 (D. Ariz.2011); *Callahan v. Patton*, No. 07-CV-54-JMH, 2007 WL 1662695, at *5 (E.D. Ky. June 4, 2007).
>
> Likewise, the ethical regulations applicable to federal employees of the executive branch, 5 C.F.R. § 2635 *et seq*., do not create a private right of action enforceable at law. 5 C.F.R. § 2635.106(c) ("A violation of this part or of supplemental agency regulations, as such, does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person."); *Scherer v. United States*, 241 F.Supp.2d 1270, 1285 (D. Kan. 2003).

*Christensen v. United States*, 2013 WL 4521040, at *2-3 (E.D. Ky. Aug. 26, 2013) (emphasis added).  Therefore, to the extent Plaintiff's third cause of action is not subject to the statute of limitations governing *Bivens* or FTCA claims, it too fails to state a claim upon which relief can be granted

Finally, Count Four of the Complaint alleges obstruction of justice.  (ECF No. 1 at ¶¶158-159.)  As pointed out by Defendants, the Sixth Circuit Court of Appeals has held that there is no private cause of action for a violation of the federal crime of obstruction of justice.  *Hamilton v. Reed*, 29 Fed. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *accord Hopson v. Shakes*, 2013 WL 1703862, at *3 (W.D. Ky. Apr. 19, 2013) ("The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.*, do not provide for a private cause of action or civil remedies."); *Marshall v. Green*, 2010 WL 1959514 at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action.") Therefore, ground four fails to state a claim upon which relief can be granted.

16

### V.  Plaintiff's Motions

**A.  Motion to Strike**

On June 5, 2015, Plaintiff filed a Motion to Strike from the record Defendant's Exhibit A, the declaration of Marisa Davidson.  (ECF No. 29.)  As the Court has not relied on the declaration to determine that this action should be dismissed as time barred, the Court hereby DENIES the motion as moot.

**B.  Appointment of Counsel**

On July 9, 2015, Plaintiff filed a Motion for Appointment of Counsel.  (ECF No. 33.) "Inmates who have signified a desire to go to court to present civil rights claims or claims for post- conviction relief are not *ipso facto* entitled to legal representation."  *Knop v. Johnson*, 977 F.2d 996, 1006-07 (6th Cir. 1992) "[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.  It is a privilege and not a right."  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (*quoting United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  The *Childs* court explained that appointment of counsel is not necessary when it is apparent that it would be a futile act.  *Id.* (explaining that it is not appropriate to appoint counsel when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim) (citations omitted).

In the case at bar, the Court finds appointment of counsel is not warranted as Plaintiff's only viable causes of action are time barred.  To appoint counsel under such circumstances would be precisely the kind of futile act that is discouraged, as even the most experienced counsel cannot revive a time barred case.  Therefore, the motion is hereby DENIED.  (ECF No. 33.)

17

## VI.  Conclusion

For the foregoing reasons, it is recommended that Defendants' Motions to Dismiss (ECF Nos. 21 & 23) be GRANTED on statute of limitations grounds and Plaintiff's claims dismissed in their entirety with prejudice as untimely.

/s/ Greg White
U.S. Magistrate Judge

Date: July 28, 2015


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**